UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CLAUDIA FABIOLA ALMEIDA,

    Petitioner,

v.

WILLIAM P. BARR, Attorney General of the United States,

    Respondent.

Case No. C20-0490-RSM

ORDER DENYING EMERGENCY MOTION TO CONSOLIDATE

This matter comes before the Court on Petitioner's Motion to consolidate her 28 U.S.C. § 2241 habeas corpus petition with the petitions of two other detainees at the Northwest Detention Center (NWDC): Sudheer Rao Moturi, C20-498-RSM-BAT, and Rafael Pimentel-Estrada, C20-495-RSM-BAT. Dkt. #12. Having reviewed Petitioner's Motion, the Government's Response, Dkt. #13, Petitioner's Reply, Dkt. #15, and the remainder of the record, the Court DENIES Petitioner's Motion.

## I.    BACKGROUND

The Court need not recite all of the underlying facts for purposes of this Motion. The three petitions at issue were initiated in the Ninth Circuit Court of Appeals following the Ninth Circuit's order in *Xochihua-Jaimes v. Barr*, No. 18-71460 (9th Cir. Mar. 23, 2020). In *Xochihua-*

ORDER DENYING MOTION TO CONSOLIDATE - 1

*Jaimes*, the Ninth Circuit ordered the release of a detained individual in light of the escalating public health crisis around COVID-19. The Ninth Circuit subsequently construed Ms. Almedia's, Mr. Pimente-Estrada's, and Mr. Moturi's requests as petitions for writs of habeas corpus and transferred the claims to this Court. The procedural posture of each case is set forth below.

A. Almeida v. Barr

In the instant action, the Ninth Circuit construed Ms. Almeida's Emergency Motion as a petition for a writ of habeas corpus and transferred it to this Court for consideration under § 2241 on April 1, 2020. Dkt. #1-1. On April 6, 2020, this Court denied Petitioner's motion for a temporary restraining order. Dkt. #11. The only motion currently pending in this case is the instant motion to consolidate, Dkt. #12.

B. Pimentel-Estrada v. Barr

On April 1, 2020, the Ninth Circuit construed Mr. Pimentel-Estrada's Emergency Motion as a petition for a writ of habeas corpus and transferred it to this Court for consideration under § 2241. *Pimentel-Estrada v. Barr*, C20-495-RSM-BAT, Dkt. #1-1. On April 3, 2020, Mr. Pimentel-Estrada filed a notice of intent to supplement. *Id.*, C20-495-RSM-BAT, Dkt. #12. This notice requested that the Court not consider his current emergency motion and advised that an amended petition and motion for temporary restraining order would be filed this week. *Id.*

C. Moturi v. ICE Field Office Director

Mr. Moturi's most recent case, C20-498-RSM-BAT, was filed March 27, 2020 as an emergency motion for immediate relief before the Ninth Circuit Court of Appeals. Mr. Moturi also has a *pro se* 28 U.S.C. § 2241 habeas petition pending before this Court in C19-2023-RSM-BAT that was filed on December 11, 2019. His *pro se* petition in C19-2023-RSM-BAT was filed

ORDER DENYING MOTION TO CONSOLIDATE - 2

before the health crisis around COVID-19 escalated and argues that his more than three years of detention violate his constitutional rights.

On April 1, 2020, the Ninth Circuit construed Mr. Moturi's Emergency Motion as a petition for a writ of habeas corpus and transferred it to this Court for consideration under § 2241. *Moturi v. Barr*, C20-498-RSM-BAT, Dkt. #1-1. Mr. Moturi then moved to consolidate his *pro se* case with his most recent habeas petition, and this Court granted consolidation on April 6, 2020. Accordingly, Mr. Moturi's cases C19-2023-RSM-BAT and C20-498-RSM-BAT are now consolidated, with all future filings to be made under C19-2023-RSM-BAT. *Moturi v. ICE Field Office Director, et al.*, C19-2023, Dkt. #12.

Mr. Moturi has been granted leave to file an amended habeas petition in the consolidated case on or before April 20, 2020. *Id.* The Court also granted Mr. Moturi leave to file an amended emergency motion as may be appropriate.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard."); *Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (district court has "broad discretion" to consolidate actions pending in the same district). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987);

*Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd*, 2006 WL 2329466, *1 (N.D. Cal. 2006) (granting consolidation where common questions of law and fact exist and judicial economy would be served).

**B. Analysis**

The Court denies consolidation of the three cases at this time. On one hand, the Court recognizes that certain factual questions will be the same for each case, including expert declarations and evidence regarding the conditions at the NWDC during the COVID-19 health crisis. The Court likewise acknowledges that each case involves similar questions of law, including analysis of due process claims under the Fifth Amendment. Consolidation may therefore be warranted at a future point.

At present, however, it is not readily-apparent that the three petitioners present similar questions of fact in terms of their respective health risks during the COVID-19 crisis. The Court acknowledges that medical conditions and vulnerabilities inevitably differ between individuals. However, based on the limited information contained in each petitioner's initial pleadings, the Court is not persuaded that the underlying facts of each case are sufficiently similar such that consolidation would promote judicial economy.

Moreover, the Court takes note of the varying procedural postures of each case. Counsel for Petitioners maintains that "all three cases are in the fundamentally same posture." Dkt. #15 at 2. The Court disagrees. Ms. Almeida's initial TRO was denied on April 6, 2020, while Mr. Pimentel-Estrada has filed notice of his intent to supplement his initial TRO. Mr. Moturi, in contrast, has been granted leave to file an amended habeas petition in his newly-consolidated case and may file an amended emergency motion. The Court is not persuaded that consolidation at this stage, where each case is at a different procedural phase, would best serve the interests of

ORDER DENYING MOTION TO CONSOLIDATE - 4

judicial economy or would help to expedite resolution of each petitioner's case. Thus, while courts regularly consider multi-petitioner habeas claims, *see, e.g.*, *Dawson v. Asher*, No. 20-cv-409 (W.D. Wash. Mar. 19, 2020), the Court does not find consolidation of these three cases to be appropriate at this time.

Accordingly, having reviewed Petitioner's briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion to Consolidate Cases, Dkt. #12, is DENIED.

DATED this 10th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE